UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: 2:23-cv-984

WARD THOMAS BLANCHARD,
    *Plaintiff*,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION LLC, and
AMERICAN EDUCATION SERVICES.
    *Defendants*.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff Ward Thomas Blanchard ("Plaintiff") sues Defendant Experian Information Solutions, Inc. Defendant Equifax Information Services, LLC, and Defendant Trans Union LLC for failing to conduct a reasonable investigation into a written dispute in violation of 15 U.S.C. §1681i of the Fair Credit Reporting Act ("FCRA") and for preparing and publishing reports to third-parties after failing to follow reasonable procedures to ensure maximum possible accuracy in violation of 15 U.S.C §1681e of the FCRA.

2. Plaintiff sues Defendant American Education Services for furnishing inaccurate/incomplete/misleading information, and for failing to conduct a reasonable re-investigation of Plaintiff's disputes as to the inaccurate information, in violation of 15 U.S.C. §1681s-2(b) of the FCRA.

    **I.**     **JURISDICTION AND VENUE**

3. This action arises out of the Defendants' violations of the FCRA, over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p.

4. Venue in the United States District Court for the Middle District of Florida is proper under 28 U.S.C. §1391(b) insofar as all of the Defendants regularly and purposefully conduct business within the County of Collier, State of Florida, thereby establishing personal jurisdiction.

5. A substantial part of the events or omissions giving rise to the claims occurred in County of Collier, State of Florida, and witnesses reside within County of Collier, State of Florida. Therefore, venue properly lies in the U.S. District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391.

## II. PARTIES

### A. Plaintiff Ward Thomas Blanchard

6. Plaintiff is an individual, *sui juris*, and a natural person and citizen of the State of Florida, with his permanent place of residence in Collier County, Florida.

7. Insofar as Plaintiff is a natural person, he is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

### B. Defendant Experian Information Solutions Inc.

8. Defendant Experian Information Solutions Inc. ("Experian") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626.

9. Experian's registered agent for service of process is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

10. Experian is a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. Experian is a "consumer reporting agency" as that phrase is defined by by 15 U.S.C. § 1681a(f) insofar as it regularly engages, in whole or in part, for monetary fees, dues, or on

a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

12. Experian's primary business purpose is the sale of consumer reports ("credit reports") to third parties and consumers.

13. Experian has a duty, under the FCRA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. §1681(e)(B).

**C. Defendant Equifax Information Services, LLC**

14. Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

15. Equifax's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

16. Equifax is a "person" as that term is defined by 15 U.S.C. §1681a(b).

17. Equifax is a "consumer reporting agency" as that phrase is defined by 15 U.S.C. § 1681a(f) insofar as it regularly engages, in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

18. Equifax's primary business purpose is the sale of consumer reports ("credit reports") to third parties and consumers.

19. Equifax has a duty, under the FCRA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. §1681(e)(B).

**D. Defendant Trans Union LLC**

20. Defendant Trans Union LLC ("Trans Union") is a foreign limited liability corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 West Adams Street, Chicago, IL 6066.

21. Trans Union's registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

22. Trans Union is a "person" as that term is defined by 15 U.S.C. §1681a(b).

23. Trans Union is a "consumer reporting agency" as that phrase is defined by 15 U.S.C. § 1681a(f) insofar as it regularly engages, in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means of facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

24. Trans Union's primary business purpose is the sale of consumer reports ("credit reports") to third parties and consumers.

25. Trans Union has a duty, under the FCRA to follow reasonable procedures to ensure that the consumer reports that they sell meet the standard of "maximum possible accuracy" pursuant to 15 U.S.C. §1681(e)(B).

**E. Defendant American Education Services**

26. Defendant American Education Services ("AES") is a foreign entity organized and existing under the laws of the State of Pennsylvania and with its principal place of business located in the State of Pennsylvania.

27. AES's address for service of process is 1200 North 7th Street, Harrisburg, PA 17102.

28. AES is a "person" as that term is defined by 15 U.S.C. §1681a(b).

29. AES is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumer(s).

### III.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

30. Plaintiff was previously enrolled at Sanford-Brown college and took out student loans to help cover his educational expenses and which were issued and/or serviced by AES.

31. Prior to June 22, 2022, Plaintiff had submitted a Borrower Defense to Repayment discharge application related to the student loans issued to him and/or serviced by AES.

32. "On June 22, 2022, the U.S. Department of Education (ED) and the plaintiffs reached a settlement in the case titled *Sweet v. Cardona* (formerly *Sweet v DeVos*). The court granted final approval to the settlement as fair, adequate, and reasonable on Nov. 16, 2022." Sweet v. Cardona Settlement, https://studentaid.gov/announcements-events/sweet-settlement.

33. Plaintiff was part of the class settlement in the Sweet v. Cardona matter detailed above and, as a result, the U.S. Department of Education discharged Plaintiff's student loans and promised deletion of the tradelines associated therewith. (Exhibit "A" attached hereto and incorporated by reference herein).

34. After receiving the letter from the U.S. Department of Education, Plaintiff contacted AES to inform them of the discharge and inquire as to when AES was going to process the discharge.

35. As of the date of this Complaint, AES has refused to acknowledge the discharge granted by the U.S. Department of Education pursuant to the Sweet v. Cardona settlement agreement.

36. Additionally, AES continues to transmit to Experian, Equifax, and Trans Union false information about the status of Plaintiff's account, to wit: AES is reporting that Plaintiff's account still has a $5,030 outstanding balance and that the account is in a deferred status, rather than discharged.

37. Upon information and belief, AES continues to accrue interest on the account, as well, despite the discharge.

38. Further, and based upon the discharged status, AES owes Plaintiff a refund for overpayments made toward the account.

39. At least thirty days prior to the filing of this Complaint, Plaintiff sent a dispute letter to Experian, Equifax, Trans Union, and AES, explaining that Plaintiff was granted a discharge of the student loan and that the AES tradeline on each of his credit reports had an incorrect status.

40. As of the date of this Complaint, and despite the dispute transmitted to the Defendants, each of the Defendants is still reporting this account as deferred with an outstanding balance, rather than discharged and closed with a $0.00 balance.

41. For reasons unknown, TransUnion, Experian and Equifax continue to report false, inaccurate, or incomplete information about Plaintiff and the account.

42. TransUnion, Experian, Equifax, and AES have failed to utilize an internal process that ensured the maximum possible accuracy of the information they were reporting about the Plaintiff.

43. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants TransUnion, Equifax, Experian, and AES.

44. Plaintiff has suffered damages as a result of the actions of TransUnion, Equifax, Experian and AES.

### COUNT I – VIOLATION OF 15 U.S.C. §1681e
### (against Defendant Experian Information Solutions Inc.)

45. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

46. After receiving the written dispute from the Plaintiff, Experian failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

47. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff, in violation of 15 U.S.C. §1681e(b).

48. Plaintiff has suffered actual damages as a result of the actions and inactions of Experian including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

49. Insofar as Experian's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Experian, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

50. Alternatively, Plaintiff is entitled to seek, and does seek from Experian, damages pursuant to 15 U.S.C. §1681o based upon Experian's negligent conduct, actions, and inactions.

51. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – VIOLATION OF 15 U.S.C. §1681i
### (against Defendant Experian Information Solutions Inc.)

52. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

53. After receiving Plaintiff's written dispute, Experian failed to correct the false information it was reporting on Plaintiff's credit report.

54. Experian failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of the inaccuracies, in violation of 15 U.S.C. §1681i.

55. Experian failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. §1681i.

56. Experian failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 16 U.S.C. §1681i.

57. Plaintiff has suffered actual damages as a result of the actions and inactions of Experian including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

58. Insofar as Experian's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Experian, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

59. Alternatively, Plaintiff is entitled to seek, and does seek from Experian, damages pursuant to 15 U.S.C. §1681o based upon Experian's negligent conduct, actions, and inactions.

60. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – VIOLATION OF 15 U.S.C. §1681e**
**(against Defendant Equifax Information Solutions, LLC)**

61. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

62. After receiving the written dispute from the Plaintiff, Equifax failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

63. Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff, in violation of 15 U.S.C. §1681e(b).

64. Plaintiff has suffered actual damages as a result of the actions and inactions of Equifax including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

65. Insofar as Equifax's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Equifax, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

66. Alternatively, Plaintiff is entitled to seek, and does seek from Equifax, damages pursuant to 15 U.S.C. §1681o based upon Equifax's negligent conduct, actions, and inactions.

67. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

# COUNT IV – VIOLATION OF 15 U.S.C. §1681i
## (against Defendant Equifax Information Solutions, LLC)

68. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

69. After receiving Plaintiff's written dispute, Equifax failed to correct the false information it was reporting on Plaintiff's credit report.

70. Equifax failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of the inaccuracies, in violation of 15 U.S.C. §1681i.

71. Equifax failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. §1681i.

72. Equifax failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 16 U.S.C. §1681i.

73. Plaintiff has suffered actual damages as a result of the actions and inactions of Equifax including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

74. Insofar as Equifax's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Equifax, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

75. Alternatively, Plaintiff is entitled to seek, and does seek from Equifax, damages pursuant to 15 U.S.C. §1681o based upon Equifax's negligent conduct, actions, and inactions.

76. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

# COUNT V – VIOLATION OF 15 U.S.C. §1681e
## (against Defendant Trans Union LLC)

77. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

78. After receiving the written dispute from the Plaintiff, Trans Union failed to correct the false or inaccurate information it was reporting on the Plaintiff's consumer report.

79. Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff, in violation of 15 U.S.C. §1681e(b).

80. Plaintiff has suffered actual damages as a result of the actions and inactions of Trans Union including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

81. Insofar as Trans Union's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Trans Union, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

82. Alternatively, Plaintiff is entitled to seek, and does seek from Trans Union, damages pursuant to 15 U.S.C. §1681o based upon Trans Union's negligent conduct, actions, and inactions.

83. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Trans Union pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – VIOLATION OF 15 U.S.C. §1681i
### (against Defendant Trans Union LLC)

84. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

85. After receiving Plaintiff's written dispute, Trans Union failed to correct the false information it was reporting on Plaintiff's credit report.

86. Trans Union failed to delete inaccurate information in Plaintiff's credit files after receiving written and actual notice of the inaccuracies, in violation of 15 U.S.C. §1681i.

87. Trans Union failed to maintain reasonable procedures by which it could verify disputed information in Plaintiff's credit report and credit files, in violation of 15 U.S.C. §1681i.

88. Trans Union failed to provide Plaintiff with a description of the procedures it used to verify and determine the accuracy and completeness of the disputed information, in violation of 16 U.S.C. §1681i.

89. Plaintiff has suffered actual damages as a result of the actions and inactions of Trans Union including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

90. Insofar as Trans Union's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from Trans Union, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

91. Alternatively, Plaintiff is entitled to seek, and does seek from Trans Union, damages pursuant to 15 U.S.C. §1681o based upon Trans Union's negligent conduct, actions, and inactions.

92. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from Trans Union pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VII – VIOLATION OF 15 U.S.C. §1681s-2(b)**
**(against Defendant American Education Services)**

93. Paragraphs one through and including forty-four are reiterated and incorporated as if fully set forth herein.

94. After receiving Plaintiff's written dispute, AES failed to correct the false and inaccurate information it reported on Plaintiff's credit report regarding the amount owed to AES by Plaintiff.

95. AES failed to fully and properly investigate Plaintiff's written dispute, in violation of 15 U.S.C. §1681s-2(b).

96. AES failed to properly review all relevant information regarding Plaintiff's written dispute, in violation of 15 U.S.C. §1681s-2(b).

97. AES failed to accurately respond to credit reporting agencies, in violation of 15 U.S.C. §1681s-2(b).

98. AES verified false information regarding the Plaintiff in violation of 15 U.S.C. §1681s-2(b).

99. AES failed to take steps to permanently and lawfully correct its own internal records to prevent the dissemination or re-reporting of false representations to the consumer credit reporting agencies, in violation of 15 U.S.C. §1681s-2(b).

100. Plaintiff has suffered actual damages as a result of the actions and inactions of AES including, but not limited to, economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount determined by the trier of fact.

101. Insofar as AES's actions and inactions were willful in nature, Plaintiff is entitled to seek, and does seek from AES, statutory damages and punitive damages pursuant to 15 U.S.C. §1681n.

102. Alternatively, Plaintiff is entitled to seek, and does seek from AES, damages pursuant to 15 U.S.C. §1681o based upon AES's negligent conduct, actions, and inactions.

103. Additionally, Plaintiff is entitled to recover costs and attorneys' fees from AES pursuant to 15 U.S.C. §1681n and/or §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, all premises considered, Plaintiff seeks a reasonable and fair judgment against Defendants Experian, Equifax, Trans Union and AES for willful noncompliance of the Fair Credit Reporting Act, and seeks remedies as set forth in 15 U.S.C. §1681 and demands:

a. Trial by jury;

b. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation for each Defendant;

c. Punitive damages, pursuant to 15 U.S.C. §1681n(a)(2) for each Defendant's willful violation;

d.  The costs associated with bringing the above-captioned cause of action, as well as reasonable attorneys' fees incurred by the Plaintiff, pursuant to 15 U.S.C. §1681n(a)(3); and

e.  For any and all other relief that this honorable Court deems just and proper.

Dated: November 1, 2023

Respectfully submitted by:

/s/ Shera E. Anderson, Esq.

**Shera E. Anderson, Esq.**
Attorney for the Plaintiff
Shmucher Law P.L.
20801 Biscayne Blvd. #403
Miami, FL 33180
Phone: (954) 547-4690
Email: Shera_Anderson@outlook.com